THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHATELL MONKIE BRADLEY** **PLAINTIFF**

**v.** **CIVIL CASE NO. 3:22cv277-RP**

**KILOLO KIJAKAZI** **DEFENDANT**

**OPINION AND JUDGMENT**

Shatell Monkie Bradley seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income, a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on June 28, 2023. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

**Standard of Review**

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala,* 994 F.2d 1170 (5th Cir. 1993);

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## Commissioner's Decision

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff has the severe impairments of: degenerative disc disease; dextroscoliosis; plantar fasciitis;

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

osteoarthritis/degenerative joint disease of the right first metatarsophalangeal ("MTP") joint; and asthma.  At step three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment.  The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform light work with the following limitations:

> frequently climb ramps and stairs, and she can occasionally climb ladders, ropes, or scaffolds. She can frequently balance, stoop, and crouch. She can occasionally kneel or crawl. She can tolerate occasional exposure to concentrated dust, odors, fumes, gases, and other pulmonary irritants. She can occasionally work at unprotected heights or near moving, mechanical machinery.

At step four, the ALJ found that the plaintiff was able to perform her past relevant work as a production assembler.   Additionally, the ALJ questioned the VE and considering the plaintiff's age, education, work experience, and RFC.  As a result, the ALJ determined that jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of marker, small product assembler, and material advertising distributor.   Finally, at step five, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that the ALJ failed to properly consider the medical opinion of family nurse practitioner Lacy Perry, who completed a medical source statement indicating, among other things, that due to her impairments or treatments the plaintiff is likely to be absent from work once or twice per month -- a level of absenteeism which the vocational expert testified would eliminate the plaintiff's past relevant work and all other work in the national economy.  The plaintiff argues that when finding FNP Perry's medical opinion to be unpersuasive, the ALJ failed to adequately explain how he considered the factors of

supportability and consistency as required by the regulations. The court agrees but finds the error is harmless.

Under the regulation setting forth the framework for considering medical opinions, the ALJ "will not defer or give any specific weight, including controlling weight, to any medical opinion(s) or prior administrative findings(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). The ALJ will articulate how persuasive he finds the medical opinions in the case record after considering the factors of supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(b). Supportability and consistency are the most important factors to be considered, and the ALJ will explain how he considered these two factors. *Id.* "Supportability" means the extent to which a medical source has presented relevant objective medical evidence and supporting explanations to support his or her medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(c)(1). "Consistency" means the extent to which a medical opinion or prior administrative medical finding is consistent with the evidence from other medical sources and nonmedical sources. 20 C.F.R. § 404.1520c(c)(2).

In his decision in the present case, the ALJ discusses FNP Perry's opinion as follows:

> Larry [sic] Perry, FNP-C, completed a questionnaire on March 14, 2021. He opined that the claimant could sit for six hours in an eight-hour workday; stand or walk for three hours in an eight-hour workday; frequently lift ten pounds; and occasionally lift fifty pounds (Exhibit 3F). The undersigned finds this opinion unpersuasive because it is inconsistent with and unsupported by the remaining record. For example, the record shows that the claimant complained of recurrent right foot pain. In March 2020, an examination found tenderness to palpation of the right bottom foot and heel. X-rays of the right foot showed moderate degenerative joint disease of the first MTP joint and a small posterior calcaneal spur (Exhibit 1F). The claimant began complaining of back pain in 2021, and on April 16, 2021, an x-ray of the lumbar spine showed mild dextroscoliosis but no significant degenerative changes. Examinations generally noted some tenderness to palpation of the lumbar spine with slightly decreased range of motion or

normal range of motion (Exhibit 5F). The claimant also attended physical therapy (Exhibits 2F and 6F). In June 2021, the claimant had a largely unremarkable physical examination with normal motor strength, range of motion, and gait (Exhibit 10F).

The plaintiff argues that the ALJ committed error by not explaining how he considered FNP Perry's specific opinion about the plaintiff's likely absenteeism. However, "the ALJ is not required to articulate how he considered every opinion within a medical source's report." *Triplett v. Commissioner of Social Security,* No. 1:20-CV-243-RP, 2021 WL 5016028, at *2 (N.D. Miss. Oct. 27, 2021) (citing C.F.R. § 404.1520c(b)(1) ("We are not required to articulate how we considered each medical opinion … from one medical source individually.")). Rather, when a medical source gives multiple medical opinions, "we will articulate how we considered the medical opinions … from that medical source together in a single analysis" using the appropriate factors. C.F.R. § 404.1520c(b)(1). The ALJ did not violate the regulation by not specifically discussing how he considered FNP Perry's opinion on the plaintiff's likely absenteeism. However, the ALJ's analysis of FNP Perry's assessment is deficient nonetheless.

As the plaintiff argues, the ALJ's discussion is confusing and fails to build a "logic bridge" between the evidence and the ALJ's persuasiveness finding. Most courts require the ALJ "to provide a sufficient explanation of consistency and supportability to allow the court to undertake a meaningful review of whether his reasoning was supported by substantial evidence, and do not leave the Court to merely speculate about reasons behind the ALJ's persuasiveness finding or lack thereof." *Pearson v. Commissioner of Social Security,* No. 1:20-CV-166-HSO-RPM. 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021) (collecting cases) (internal citations omitted). "Stated differently, there must be a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Pearson,* 2021 WL 3708047, at *5 (quoting *Ramirez v.*

*Saul,* No. SA-20-CV-00457-ESC, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021)).

In the present case, the court can discern no logic bridge between the ALJ's rote recitation of medical evidence and his finding that FNP Perry's opinion is unpersuasive. An ALJ may not simply summarize the record evidence and summarily conclude that an opinion is persuasive or unpersuasive without substantively engaging with the supportability and consistency of the opinion in any detail. *Pearson,* 2021 WL 3708047, at *5. That is exactly what the ALJ did in this case. In fact, the ALJ's summary of the medical evidence given in support of his analysis of FNP Perry's opinion is taken *verbatim* from his summary of the medical evidence earlier in the decision, and it is also recited *verbatim* in support of his analysis of the administrative medical findings of the state agency consultants. This cookie-cutter "explanation" is insufficient to allow the court to undertake a meaningful review of the ALJ's reasoning with respect to FNP Perry's opinion and, indeed, it is of little more use to the court than no explanation at all. Nonetheless, the question remains whether the error is harmless. *See White v. Kijakazi,* No. 22-60541, 2023 WL 234773, at *3-4 (5th Cir. Jan. 18, 2023) (per curiam) (applying harmless error standard where ALJ provided insufficient explanation of her consideration of medical opinions).

Procedural perfection in administrative proceedings is not required, and the court will not vacate a decision "unless the substantial rights of a party have been affected." *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988). Procedural errors affect the substantial rights of a claimant only when they "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1988). Remand is required only when, absent the procedural error, there is a realistic possibility that the ALJ would have reached a different conclusion. *January v. Astrue,* 400 Fed.Appx. 929, 933 (5th Cir. 2010) (per curiam).

"Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul,* 986 F.3d 551, 555 (5th Cir. 2021). The plaintiff bears the burden of showing that the ALJ's error was prejudicial. *Jones v. Astrue,* 691 F.3d 730, 734 (5th Cir. 2012).

In the present case, with respect to supportability, aside from a diagnosis of "leg pain," FNP Perry provides no supporting explanation for her opinions on the checkbox questionnaire, nor does she provide much in the way of relevant objective medical evidence supporting her assessment. To the contrary, FNP Perry's most contemporaneous treatment notes, which indicate the plaintiff reported experiencing right lower leg pain for two weeks, reflect normal musculoskeletal examination findings of the upper and lower extremities bilaterally. With respect to consistency, the plaintiff points to no evidence from other sources which is consistent with FNP Perry's opinion – at least as it pertains to the plaintiff's likely absenteeism. The plaintiff has not met her burden of showing that if the ALJ had properly addressed the factors of supportability and consistency when discussing FNP Perry's opinion, a different decision might have been reached. The error is therefore harmless.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 29th day of June, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE